**Opinion filed May 22, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00358-CR

_____

## MARK WILHELM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-37,085**

## M E M O R A N D U M   O P I N I O N

Mark Wilhelm pleaded guilty in June 2012 to indecency with a child by contact. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a term of ten years. In July 2013, the State filed a motion to proceed with an adjudication of guilt based upon Appellant's alleged violations of the terms and conditions of his community supervision. The trial court heard the motion to proceed in October 2013. At the

hearing, the State abandoned one of its allegations. Appellant pleaded "not true" to the other two alleged violations. After the evidence was concluded, the trial court found that Appellant had violated the terms and conditions of his community supervision, adjudicated Appellant guilty of the offense, and assessed his punishment at confinement for fifteen years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed.[2] *Schulman*, 252 S.W.3d at 409. Proof of one violation of the terms and conditions of community supervision is sufficient to support an

---

[1] By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

[2] In the judgment, the trial court stated that Appellant pleaded "true" to the State's motion to adjudicate, and the trial court found that Appellant committed all three of the violations alleged in the State's motion. However, the reporter's record shows that the State abandoned the third allegation in its motion and that Appellant pleaded "not true" to the State's first and second allegations. An *Anders* proceeding is not an appropriate vehicle in which to address these issues. We suggest that the trial court review the record to consider whether to enter a judgment nunc pro tunc to correct the judgment.

adjudication order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

May 22, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.